UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

BILL L. BARLEY,

    Plaintiff,

    v.       CAUSE NO. 1:23-CV-153-HAB-SLC

BLACKFORD COUNTY SHERIFF
DEPT., et al.,

    Defendants.

OPINION AND ORDER

Bill L. Barley, a prisoner without a lawyer, filed an amended complaint. ECF 15.[1] Under 28 U.S.C. § 1915A, the court must screen the amended complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nevertheless, a pro se complaint must be given liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

---

[1] Barley filed an earlier amended complaint as directed by the court. *See* ECF 5 & ECF 6. However, because an amended complaint will supersede all earlier pleadings and control the case from that point forward, only the most recent amended complaint (ECF 15) will be considered by the court in this screening order. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture.").

Barley, who is currently incarcerated at the Westville Correctional Facility, alleges he was assaulted by his neighbor on July 9, 2022. The Monpelier Police Department[2] was called, and Barley was placed under arrest by Officer Michael Wilson. Barley indicated he needed medical attention, so Officer Wilson called for assistance. Shortly thereafter, two female EMTs arrived, took a "quick look" at Barley, and stated he was okay to be transferred to the local county jail. ECF 15 at 1. One of the EMTs produced a waiver document for Barley to sign, but he refused because he wanted to go to the emergency room. Officer Wilson eventually signed the document and transported him to the "local county jail," which the court assumes for purposes of this order is the Blackford County Security Center.[3] *Id.* at 2.

When he arrived there, Barley again requested medical treatment but didn't immediately receive any. He admits he saw a nurse during his first week at the jail, but she didn't give him any treatment for his hand. When he threatened to file a lawsuit, the nurse agreed to take an x-ray. An x-ray was performed on July 23, 2022, about two weeks after he was arrested. On July 28, 2022, Ron Clark—whom Barley describes as "the same jailer" who performed his intake—transported him to see a doctor at the Muncie Orthopedic Clinic. The doctor informed him the x-rays showed a fracture or break in his hand that had "set itself," so there was "nothing he could do." *Id.* at 2. Barley told the doctor, "That's fine." *Id.* Barley then mentioned his nose, which had

---

[2] The court assumes Barley means the Montpelier Police Department, but the court will refer to it using Barley's spelling throughout this order.

[3] If Barley files an amended complaint, he needs to clarify specifically when and where the events at issue allegedly occurred.

allegedly also been broken during the fight with his neighbor. The doctor said it would "have to be rebroken & set." *Id*. at 3. Barley claims his hand has healed but "hurts hear (sic) & there during the change in weather." *Id*. He also claims his nose is "always stuffed up." *Id*. He has sued Indiana University Health, the Monpelier Police Department, and the Blackford County Sheriff Department for monetary damages related to his medical treatment.

Claims regarding the alleged lack of medical care during an arrest arise under the Fourth Amendment. *See e.g., Braun v. Village of Palatine*, 56 F.4th 542, 551 (7th Cir. 2022), *reh'g denied*, No. 20-3227, 2023 WL 2188741 (7th Cir. Feb. 23, 2023); *Pulera v. Sarzant*, 966 F.3d 540, 549–50 (7th Cir. 2020); *Currie v. Chhabra*, 728 F.3d 626, 630-31 (7th Cir. 2013). Once a probable cause hearing occurs, an arrestee obtains pretrial detainee status pursuant to the Fourteenth Amendment. *Pulera*, 966 F.3d at 549. Either way, the question is whether the defendants' conduct was "objectively unreasonable under the circumstances." *Braun*, 56 F.4th at 551; *see also Pulera*, 966 F.3d at 550 (noting that "the standards are now effectively the same for judging the adequacy of custodial medical care under either [the Fourth or Fourteenth] Amendment" and there is "no practical difference between them"). Specifically, for an arrestee "[t]he inquiry considers: '(1) whether the officer ha[d] notice of the detainee's medical needs; (2) the seriousness of the medical need; (3) the scope of the requested treatment; and (4) police interests, including administrative, penological, or investigative concerns.'" *Braun*, 56 F.4th at 551 (quoting *Ortiz v. City of Chicago*, 656 F.3d 523, 530 (7th Cir. 2011)). A pretrial detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant

3

committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty.*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," and it is not enough for the plaintiff "to show negligence or gross negligence." *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353–54 (7th Cir. 2018).

As an initial matter, the Monpelier Police Department isn't a suable entity for purposes of § 1983. *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) ("[T]he Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued."). Accordingly, this defendant will be dismissed. Moreover, even if he had named Officer Wilson individually as a defendant—which he did not—Barley hasn't stated any plausible claims against him. He admits Officer Wilson called for medical assistance during the arrest, and Barley hasn't provided any facts to suggest it was objectively unreasonable for Officer Wilson to drive him to the jail after the EMTs briefly assessed his injuries and cleared him for transport. *See e.g., Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law.") (emphasis in

4

original); *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009) (claim must be plausible on its face and complaint must provide adequate factual content).

The Blackford County Sheriff Department, on the other hand, is a suable entitle under Indiana law. *See e.g., Mahoney v. Beacon Health Ventures*, 585 F. Supp. 3d 1161, 1172 (N.D. Ind. 2022) ("Because the sheriff is independent, is responsible for managing the jail, and assigns county sheriff's deputies' duties, the sheriff's department is a proper defendant in an action for violations by the sheriff's department."); *Royer v. Elkhart City of*, No. 3:22-CV-254 JD, 2023 WL 3042616, at *5 (N.D. Ind. Apr. 21, 2023) ("Unlike a city police department, a sheriff's department in Indiana is independently established by the Indiana Constitution, the sheriff is elected by the voters in the county, and the sheriff is not under the jurisdiction of the city's executive. . . . This independence, rooted directly in the Indiana Constitution, supports the sheriff's department being considered a separate governmental entity able to be sued."). Specifically, municipalities can be sued under 42 U.S.C. § 1983 for constitutional violations as described in *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). However, such entities cannot be held vicariously liable for the unconstitutional acts of their employees under a theory of *respondeat superior*. *See e.g., Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653 (7th Cir. 2021); *J.K.J. v. Polk Cnty.*, 960 F.3d 367, 377 (7th Cir. 2020); *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008). The three elements required "to establish a *Monell* claim— policy or custom,[4] municipal fault, and moving force causation—are by now familiar.

---

[4] The Seventh Circuit as "recognized three types of municipal action that can support municipal liability under § 1983: (1) an express policy that causes a constitutional deprivation when enforced; (2) a

5

And they must be scrupulously applied to avoid a claim for municipal liability backsliding into an impermissible claim for vicarious liability." *Bohanon v. City of Indianapolis*, 46 F.4th 669, 676 (7th Cir. 2022) (internal quotation marks and citation omitted); *see also Howell*, 987 F.3d at 654 (7th Cir. 2021) (The purpose of these requirements is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices.").

Here, Barley doesn't identify any policies or customs by the Blackford County Sheriff Department that caused him constitutional harm. He vaguely refers to the actions of a jailer (who allegedly was present upon his intake and later transported him to the Muncie Orthopedic Clinic) and a nurse (whom he saw sometime during his first week of incarceration and who ordered an x-ray on July 23rd), but these allegations don't state a plausible *Monell* claim. *Bohanon*, 46 F.4th at 678 (municipality can't be held liable solely based on employee's actions). Therefore, he may not proceed against the Blackford County Sheriff Department on a claim for money damages.[5]

Finally, with regard to Indiana University Health, it's not clear how this entity is tied to any of the actions described in this lawsuit. Barley doesn't mention Indiana University Health in the body of his complaint, and, without more, it's not plausible to

---

widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Bohanon v. City of Indianapolis*, 46 F.4th 669, 675 (7th Cir. 2022) (internal quotation marks and citation omitted).

[5] Even if he had named the jailer and the unidentified nurse individually as defendants, the sparse allegations against them are insufficient to state a plausible claim under either the Fourth or Fourteenth Amendment. *See e.g., Swanson*, 614 F.3d at 403; *Bissessur*, 581 F.3d at 602.

6

infer this entity is responsible for committing a constitutional violation against him. *See e.g., Swanson*, 614 F.3d at 403; *Bissessur*, 581 F.3d at 602.[6]

The amended complaint does not state any claims for which relief can be granted. If Barley believes he can state a claim based on (and consistent with) the events described here, he may file a second amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file a second amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his prison law library. He needs to write the word "Second Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form. He will be required to use this court's approved form if he chooses to file another complaint. *See* N.D. Ind. L.R. 7-6.

---

[6] Of note, to the extent Indiana University Health is financially linked to a private medical facility such as the Muncie Orthopedic Clinic, it's not clear Indiana University Health would be a proper defendant. "The under-color-of-state-law element means that [42 U.S.C.] § 1983 does not permit suits based on private conduct, no matter how discriminatory or wrongful." *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019) (internal quotation marks and citation omitted). The Seventh Circuit has expressed caution about deeming Indiana University Health a state actor in a similar situation. *See Babchuk v. Ind. Univ. Health, Inc.*, 809 F.3d 966, 971 (7th Cir. 2016) ("The fact that some of [a private hospital's] revenues are siphoned off to the state university no more makes the hospital a state actor than the fact that tax laws siphon income from private companies and individuals to state and federal treasuries. The university may well exert pressure direct and indirect on [a private hospital], just as federal and state governments in manifold ways exert pressure on private institutions. Government is omnipresent; that doesn't make all employees of private entities state actors."); *see also Rodriguez v. Plymouth Ambul. Serv.*, 577 F.3d 816, 827 (7th Cir. 2009) ("[A]n emergency medical system that has a preexisting obligation to serve all persons who present themselves for emergency treatment hardly can be said to have entered into a specific voluntary undertaking to assume the state's special responsibility to incarcerated persons.").

7

For these reasons, the court:

(1) GRANTS Bill L. Barley until **April 8, 2024**, to file a second amended complaint on the proper form; and

(2) CAUTIONS Bill L. Barley if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state any claims for which relief can be granted.

SO ORDERED on March 6, 2024.

                                                              s/ *Holly A. Brady*
                                                              CHIEF JUDGE HOLLY A. BRADY
                                                              UNITED STATES DISTRICT COURT