UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BILL L. BARLEY, <br><br> Plaintiff, <br><br> v. <br><br> BLACKFORD COUNTY SHERIFF DEPT., et al., <br><br> Defendants. | CAUSE NO. 1:23-CV-153-HAB-SLC |

OPINION AND ORDER

Bill L. Barley, a prisoner without a lawyer, filed a second amended complaint because the court determined his amended complaint didn't state any claims. *See* ECF 16 & ECF 20. Under 28 U.S.C. § 1915A, the court must screen the amended complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nevertheless, a pro se complaint must be given liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Barley, who is currently incarcerated at the Westville Correctional Facility, alleges he was assaulted by his neighbor on July 9, 2022. He suffered a broken nose, and his "fight[ing] hand was also injured." ECF 20 at 3. The Montpelier Police Department arrived, and Barley was placed under arrest. The arresting officer called the EMTs to evaluate Barley. They "took a very quick glance at [him] & released [him] medically." *Id*. Barley was then transported to the Blackford County Jail and Sheriff's Department.[1]

When he arrived, Jailer Ron Clark and Sheriff Brown "received" him, and Barley was booked into the Blackford County Jail. *Id*. at 2. Barley alleges they "both could see that I had a swollen right hand & a 2-3 inch cut on the bridge of my nose." *Id*. He requested immediate medical care, but he wasn't seen by the nurse until later that week. He received x-rays at the Jail on July 23, 2022, and he was transported to the Muncie Orthopedic Clinic on July 28, 2022, for further evaluation of his hand. By that time his nose and hand had started to heal on their own. Barley claims they didn't heal properly, and he has "mobility issues & griping issues with my right hand & can not breath properly threw my nose!" *Id*. at 3 (verbatim). Barley alleges he subsequently made requests to Jailer Clark, Sheriff Brown, Miss Deb the Jail Commander, and an unnamed nurse to be taken to the hospital, but he doesn't provide any additional details about how, when, or why he made those requests.[2] He asked for grievance

---

[1] Barley alleges both agencies are located in the same building.

[2] He indicates he "*tried* to contact the Sheriff to get me to the hospital about my hand, but he and all of his staff refused to do it." ECF 20 at 4 (emphasis added). He also states the unnamed nurse knew his hand was injured but "chose not to send me out to the hand therapist for a long time." *Id*.

2

forms, but he never received any. He has sued the Blackford County Sheriff Department for monetary damages.

Claims regarding the alleged lack of medical care during an arrest and prior to a probable cause hearing arise under the Fourth Amendment. *See e.g.*, *Braun v. Village of Palatine*, 56 F.4th 542, 551 (7th Cir. 2022), *reh'g denied*, No. 20-3227, 2023 WL 2188741 (7th Cir. Feb. 23, 2023); *Pulera v. Sarzant*, 966 F.3d 540, 549–50 (7th Cir. 2020); *Currie v. Chhabra*, 728 F.3d 626, 630-31 (7th Cir. 2013). Once a probable cause hearing occurs, an arrestee obtains pretrial detainee status pursuant to the Fourteenth Amendment. *Pulera*, 966 F.3d at 549. Either way, the question is whether the defendants' conduct was "objectively unreasonable under the circumstances." *Braun*, 56 F.4th at 551; *see also Pulera*, 966 F.3d at 550 (noting that "the standards are now effectively the same for judging the adequacy of custodial medical care under either [the Fourth or Fourteenth] Amendment" and there is "no practical difference between them").

For an arrestee "[t]he inquiry considers: '(1) whether the officer ha[d] notice of the detainee's medical needs; (2) the seriousness of the medical need; (3) the scope of the requested treatment; and (4) police interests, including administrative, penological, or investigative concerns.'" *Braun*, 56 F.4th at 551 (quoting *Ortiz v. City of Chicago*, 656 F.3d 523, 530 (7th Cir. 2011)). A pretrial detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect

3

to the risk of harm." *Gonzalez v. McHenry Cnty.*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," and it is not enough for the plaintiff "to show negligence or gross negligence." *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353–54 (7th Cir. 2018).

In his second amended complaint, Barley has chosen to drop several previously named defendants and proceed solely against the Blackford County Sheriff Department instead. As noted in the court's prior order (*see* ECF 16 at 5–6), the Blackford County Sheriff Department is a suable entitle under Indiana law. *See e.g., Mahoney v. Beacon Health Ventures*, 585 F. Supp. 3d 1161, 1172 (N.D. Ind. 2022) ("Because the sheriff is independent, is responsible for managing the jail, and assigns county sheriff's deputies' duties, the sheriff's department is a proper defendant in an action for violations by the sheriff's department."); *Royer v. Elkhart City of*, No. 3:22-CV-254 JD, 2023 WL 3042616, at *5 (N.D. Ind. Apr. 21, 2023) ("Unlike a city police department, a sheriff's department in Indiana is independently established by the Indiana Constitution, the sheriff is elected by the voters in the county, and the sheriff is not under the jurisdiction of the city's executive. . . . This independence, rooted directly in the Indiana Constitution, supports the sheriff's department being considered a separate governmental entity able to be sued.").

4

Specifically, municipalities can be sued under 42 U.S.C. § 1983 for constitutional violations as described in *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). However, such entities cannot be held vicariously liable for the unconstitutional acts of their employees under a theory of *respondeat superior*. *See e.g., Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653 (7th Cir. 2021); *J.K.J. v. Polk Cnty.*, 960 F.3d 367, 377 (7th Cir. 2020); *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008). The three elements required "to establish a *Monell* claim—policy or custom,[3] municipal fault, and moving force causation—are by now familiar. And they must be scrupulously applied to avoid a claim for municipal liability backsliding into an impermissible claim for vicarious liability." *Bohanon v. City of Indianapolis*, 46 F.4th 669, 676 (7th Cir. 2022) (internal quotation marks and citation omitted); *see also Howell*, 987 F.3d at 654 (7th Cir. 2021) (The purpose of these requirements is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices.").

Here, as in his previous complaint, Barley doesn't identify any policies or customs by the Blackford County Sheriff Department that caused him constitutional harm. He claims Jailer Clark and Sheriff Brown refused to take him to the emergency room upon intake even though they could see he had a swollen hand and a cut on his nose—injuries commonly sustained during a fight—but this was not objectively

---

[3] The Seventh Circuit has "recognized three types of municipal action that can support municipal liability under § 1983: (1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Bohanon v. City of Indianapolis*, 46 F.4th 669, 675 (7th Cir. 2022) (internal quotation marks and citation omitted).

5

unreasonable given the fact that Barely admits he had been evaluated (albeit briefly) and "medically released" by EMTs prior to his arrival.[4] He also admits he was seen by a nurse later that same week and that he was subsequently given x-rays and transported to an outside facility for medical evaluation/care. He vaguely alleges he requested but was refused additional medical care from various individuals in the Jail, but these sparse allegations don't state a plausible *Monell* claim. *Bohanon*, 46 F.4th at 678 (municipality can't be held liable solely based on employee's actions); *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law.") (emphasis in original); *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009) (claim must be plausible on its face and complaint must provide adequate factual content). Therefore, despite being granted an opportunity to file a second amended complaint to clarify his allegations, he has not stated any viable claims against the Blackford County Sheriff Department for damages.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A because the second amended complaint does not state any claims for which relief can be granted.

---

[4] To the extent Barley is attempting to establish municipal liability using Sheriff Brown as a final policymaking authority, he hasn't done so because his allegations don't establish Sheriff Brown's actions caused him a constitutional injury.

SO ORDERED on April 18, 2024.

                                                      s/ *Holly A. Brady*
                                                      CHIEF JUDGE HOLLY A. BRADY
                                                      UNITED STATES DISTRICT COURT